UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL JAMES ABBOTT**, <br><br> Petitioner, <br><br> vs. <br><br> **ERIC RARDIN,** <br><br> Respondent. | **2:25-CV-10739-TGB-PTM** <br><br> **OPINION & ORDER DENYING THE HABEAS PETITION & THE PENDING MOTIONS** |

## I.    INTRODUCTION

Federal prisoner Daniel James Abbott ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence by Federal Bureau of Prisons ("BOP"). ECF No. 1. He has also filed two related motions that are pending before the Court. ECF Nos. 6, 7. For the reasons stated herein, the Court denies the habeas petition and the pending motions.

## II.    DISCUSSION

On May 21, 2021, Petitioner pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.

§ 924(c)(1) in the United States District Court for the Northern District of Iowa. *See United States v. Abbott*, Case No. 20-32 (N.D. Iowa), ECF No. 80 (Amended Judgment of Sentence dated April 27, 2023 and signed April 28, 2023). Petitioner was sentenced to 80 months in prison, consisting of consecutive terms of 20 months in prison on the drug conviction and 60 months in prison on the firearm conviction, along with 5 years of supervised release. *Id*. His current projected release date is November 11, 2025. *See* BOP Inmate Locater, https://www.bop.gov/inmateloc/ (accessed May 1, 2025). According to an exhibit attached to the habeas petition, Petitioner has been given a Residential Reentry Center ("RRC") arrival date of July 14, 2025. ECF No. 1, PageID.13.

In his pleadings, Petitioner first asserts that the BOP is improperly denying him earned time credits under the First Step Act ("FSA") for time after sentencing but prior to designation and that the BOP is improperly denying him earned time credits under the FSA on his 20-month sentence for his drug conviction, which is consecutive to his 60-month sentence for his 18 U.S.C. § 924(c) firearm conviction. Petitioner also asserts that the BOP is improperly denying him RRC placement due to a lack of bed space

and/or home confinement placement and that he should be immediately released to home confinement pursuant to the Second Chance Act ("SCA"). ECF No. 1.

On April 28, 2025, Petitioner filed a "motion nolle prosequi regarding 28 U.S.C. 2254 as an incorrect misconstruing of Petitioner filing under *Haines v. Kerner*." ECF No. 6, PageID.24. Specifically, Petitioner argues that this Court

> misconstrued his 18 U.S.C. to incorrectly be a 28 U.S.C. 2254 which would not be the strongest LIBERALLY CONSTRUED interpretation of what Petitioner was trying to accomplish. Petitioner meant to actually file a 18 U.S.C. 2241 in order to request relief of the Court to redress of the BOP failure to grant him FSA based on arguments that he should have received it.

*Id.*

Petitioner asked the Court "to close the 28 U.S.C. 2254 habeas corpus and allow the 18 U.S.C. 2241 in the alternative." *Id.* at PageID.25.

On April 28, 2025, Petitioner filed a motion to amend. ECF No. 7. Petitioner requests following change: that the Respondent should read "'Eric Rardin' and not 'U.S.A." *Id.* at PageID.27.

The Court addresses these issues, beginning with Petitioner's petition, in turn.

## A.    First Step Act Claim(s)

Petitioner first asserts that the BOP is improperly denying him earned time credits under the FSA. Under the FSA, prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Certain categories of prisoners, however, are categorically ineligible to receive those credits due to their offense of conviction. *See* 18 U.S.C. § 3632(d)(4)(D). As relevant to this case, a prisoner is ineligible to receive such credits if he or she is "serving a sentence for a conviction under … Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Petitioner was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Thus, based upon the clear language of 18 U.S.C. § 3632(d)(4)(D)(xxii), he is ineligible to receive earned time credits under the FSA.

Moreover, contrary to Petitioner's assertion, he is not eligible to receive earn time credits under the FSA on his 20-month sentence for his drug conviction, which was imposed consecutively to his 60-month

4

sentence for his firearm conviction. Federal law provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584. Thus, the BOP is required "to treat multiple terms of imprisonment, whether imposed concurrently or consecutively, 'for administrative purposes as a single, aggregate term of imprisonment.'" *United States v. Gonzales*, 520 U.S. 1, 8 (1997) (quoting 18 U.S.C. § 3584(c)).

Courts have consistently held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, "are administrative functions of the BOP subject to § 3584(c)." *Sok v. Eischen*, No. 22-458, 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022) (collecting cases), *adopted*, 2022 WL 17128929 (Nov. 22, 2022), *aff'd*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (ruling that the district court did not err in denying the prisoner's § 2241 petition, "as the BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits").

In keeping with such rulings, the United States Court of Appeals for the Sixth Circuit has affirmed a district court's decision concluding that a federal prisoner's aggregated sentence (composed of consecutive sentences for FSA-eligible drug offenses and an FSA-ineligible § 924(c) firearm offense) precluded him from receiving any earned time credits under the FSA and denying his § 2241 petition. *See Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023); *accord Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (per curiam) (affirming district court's denial of federal prisoner's § 2241 petition seeking FSA credits where his consecutive sentences included one for a disqualifying conviction under § 3632(d)(4)(D)). This Court is bound by the Sixth Circuit's decision in *Keeling*. Because Petitioner's aggregate 80-month federal sentence includes a sentence for a firearm conviction under 18 U.S.C. § 924(c)(1), he is ineligible to receive credits under the FSA.

Lastly, given that neither *Keeling* nor this Court have deferred to the BOP's interpretation of a statute in reaching this conclusion, *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024), is inapplicable to the case at hand. *See, e.g., Brewer v. Harrison*, No. 24-

6

2305, 2025 WL 367398, at *1 (W.D. Tenn. Jan. 29, 2025). Petitioner fails

to establish that the BOP is improperly denying him such credits. Habeas

relief is not warranted on this claim.

## B.    Second Chance Act Claim

Petitioner also asserts that the BOP is improperly denying him

placement in an RRC due to a lack of bed space and/or home confinement

under the SCA. He seeks immediate release to home confinement. Under

the SCA, the BOP assesses each prisoner individually to determine

whether he or she may qualify for up to 365 additional days of early

transfer to prerelease custody. The current version of 18 U.S.C. § 3624(c)

provides, in relevant part:

> (1) In general.--The Director of the Bureau of Prisons
> shall, to the extent practicable, ensure that a prisoner serving
> a term of imprisonment spends a portion of the final months
> of that term (not to exceed 12 months), under conditions that
> will afford that prisoner a reasonable opportunity to adjust to
> and prepare for the reentry of that prisoner into the
> community. Such conditions may include a community
> correctional facility.

> (2) Home confinement authority.—The authority under
> this subsection may be used to place a prisoner in home
> confinement for the shorter of 10 percent of the term of
> imprisonment of that prisoner or 6 months. The Bureau of
> Prisons shall, to the extent practicable, place prisoners with
> lower risk levels and lower needs on home confinement for the
> maximum amount of time permitted under this paragraph.

7

18 U.S.C. § 3624(c).

A federal prisoner, however, is not automatically entitled to, or guaranteed, such placement for any minimum amount of time. *See Demis v. Sniezek*, 558 F.3d 508, 513-514 (6th Cir. 2009); *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009) ("the Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence"); *Frierson v. Rardin*, No. 24-12456, 2025 WL 410072, at *5 (E.D. Mich. Feb. 5, 2025) (Edmunds, J.); *Cucu v. Terris*, No. 17-13646, 2018 WL 1203495, at *4 (E.D. Mich. Mar. 8, 2018) (Cox, J.); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016). Rather, the decision to place an inmate in pre-release community confinement or home confinement is discretionary and is determined on an individual basis according to the factors in 18 U.S.C. § 3621(b).

This Court lacks the authority to order Petitioner's placement in an RRC or home confinement under the SCA (as opposed to when FSA credits are earned). Under 18 U.S.C. § 3621(b), the BOP—not the judiciary—"is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th

Cir. 2015). The BOP's "designation of a place of imprisonment ... is not reviewable by any court." 18 U.S.C. § 3621(b). And Petitioner has "no statutory or constitutionally protected right, or entitlement, to transfer to ... home confinement." *Heard*, 184 F. Supp. 3d at 521; *see also Antoine v. Rardin*, No. 24-12462, 2025 WL 968285, at \*3 (E.D. Mich. Mar. 31, 2025) (White, J.) (citing cases); *Frierson*, 2025 WL 410072, at \*5.

Moreover, the FSA did not alter the BOP's statutory, discretionary authority under the SCA to determine when, or if, a prisoner should be placed in an RRC or home confinement. *See, e.g., Frierson*, 2025 WL 410072, at \*5 (citing cases); *United States v. Burkhart*, No. 3-36, 2019 WL 615354, at \*2 (E.D. Ky. Feb. 13, 2019) ("the First Step Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it"); *United States v. Curry*, No. 06-082, 2019 WL 508067, at \*1 (E.D. Ky. Feb. 8, 2019); *see also United States v. Suttles*, No. 16-20396, 2020 WL 409660, at \*1 (E.D. Mich. Jan. 24, 2020) (Berg, J.) (stating that the BOP's authority to release a prisoner to home confinement is discretionary and quoting *Burkart, supra*). Petitioner fails to establish that the BOP is improperly denying him

placement in an RRC or home confinement under the SCA or that he is otherwise entitled to immediate placement in home confinement. Habeas relief is not warranted on this claim.

### C.   Petitioner's Motions (ECF Nos. 6, 7)

In Petitioner's April 28, 2025 "motion nolle prosequi," Petitioner argued that the Court "misconstrued his 18 U.S.C. to incorrectly be a 28 U.S.C. 2254 which would not be the strongest LIBERALLY CONSTRUED interpretation of what Petitioner was trying to accomplish." ECF No. 6, PageID.24.

The Court has treated this petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The only references to 28 U.S.C. § 2254 in this proceeding have been in Judge Grand's order amending the case caption, ECF No. 3, and the order directing Petitioner to submit the

---

[1] 18 U.S.C. § 2241 is the federal statute criminalizing aggravated sexual abuse occurring "in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency." 18 U.S.C. § 2241 (a). Petitioner appears to raise no claims relating to sexual abuse. Thus, the Court understands that Petitioner meant to invoke 28 U.S.C. § 2241, as he does in his petition. ECF No. 1.

filing fee, ECF No. 4. Because Petitioner is in Federal custody, it does appear that Judge Grand should have referred to 28 U.S.C. § 2255. However, because the Court treated this petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and because Judge Grand's oversight is immaterial, Petitioner's "motion nolle prosequi," ECF No. 6, is **DENIED**.

Petitioner's April 28, 2025 motion to amend, ECF No. 7, is **DENIED AS MOOT** because the only amendment Petitioner requests was accomplished by Judge Grand's Order Amending Case Caption, ECF No. 3.

### III.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the habeas petition. Additionally, Petitioner's motions (ECF Nos. 6, 7) are **DENIED**. This case is closed.

**SO ORDERED**.

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

Dated: January 15, 2026